Good morning. May it please the Court, my name is Kim Jansen, and I am appearing today on behalf of the Appellant Applied Underwriters, Inc. I'm going to aim to reserve about two minutes of my time this morning for rebuttal. I'll keep my eye on the clock. In light of the district court's recent clarification order indicating that the August 10th dismissal order was intended as a Rule 41b sanction, there are three points that I want to focus on. First, we have not forfeited a public review in this case by failing to address the 41b discretionary factors in our opening brief. Second, even though the ---- Why is that? Because in this case ---- What would you say? Sure. This Court has recognized three separate bases for excusing a forfeiture. I particularly would rely on the fact that it would be manifestly unjust to find that we have forfeited review of the discretionary factors when the district court had made no mention whatsoever of Rule 41b until just less than three weeks ago, long after all of the appellate briefs in this case were filed. The appellee had addressed it in its brief. We responded in our reply brief. At the bare minimum, we would request leave to file supplemental briefs addressing that discretionary. Since you're obviously well familiar with the issue, and I imagine the other side is as well, did the district judge take the actions necessary to properly invoke a 41b sanction? No, it did not. Under this Court's precedent, and I particularly would be relying on this Court's decision in Oliva, the district court has an obligation before entering a sua sponte dismissal pursuant to 41b to provide a warning to the parties of its intention to do so. And, of course, that's consistent with just the basic principles of due process thee. Can I ask if it would have been sufficient if the Court said, you have permission to file within 30 days, and if you do not, I will dismiss this case? It would certainly be much better. I personally think it would be preferable if the Court said, and I will dismiss this case for failure to amend pursuant to 41b to just eliminate any potential ambiguity between dismissal. Suppose that's what he said. Is that enough? Does that make this failing to comply with a court order warranting dismissal under 41b? Had the initial order said that, I still believe that the mere two days from the deadline for leave to amend and the entry of the dismissal order is unreasonably quick for the severe sanction of a dismissal as a sanction. I just got confused. Okay. I thought you had 30 days to amend, and then you didn't do it for a fairly long time. Am I wrong? That is incorrect. So it's only two days? Right. So I think more than two days, no. The district court entered its order on July 5 saying that you have 30 days to amend, so that would be up around August 3rd or 4th. And then let's look at it from a practical standpoint. The district court granted the 12b-6 and said, okay, you get another chance to do it. Do it within 30 days. 30 days passes. The district court's got a huge docket. It's trying to move things along. District court doesn't hear anything. What is the district court supposed to do at that point? Send out a warning? Yes. Actually, under Oliva, they are. But in this case, the deadline was Monday, August 7th, to file the amended complaint. The dismissal was entered Thursday morning. So really, there are only two full business days in between that, so essentially on the third day. Can I muddy the water a little bit here? Rule 41b seems to suggest there has to be an order where you are required to file an answer or some other procedural document. There was no such order in this case, was there? There was not. The order in this case granted leave to amend. It didn't say you must file an amendment or an amendment or a notice of intent not to amend or motion for reconsideration or request for entry of final judgment. It simply... Under those circumstances, how do we construe 41b, then? Was the district judge, in fact, following 41b in terms of a failure to follow an order? It is our position that it was not, in that there was no disobedience of a court order. And I would actually... Or did the district court treat it as a failure to prosecute, which also can justify dismissal under Rule 41b? Well, the clarification order indicates that it did not treat it as a dismissal for want of prosecution, that the district court has now clarified that it intends it as a dismissal, as a sanction. Okay. It sounds to me like we have to tell the district courts they have to use some magic words. They have to say, you shall file within 30 days or you're dismissed. We have to tell them to say that. I think that would be excellent guidance. Because if the court, all you asked for was time, and the court gave you the time, you didn't do it, and he dismisses the case. You say he had to come back and say, you didn't do it in time, I'm going to dismiss the case unless you come and tell me something different. So all the burden then falls on the district court to take care of your problem when you didn't amend in time. You had time. You could have come back to the court right away and said, Your Honor, we messed up. We want to file a new complaint. Give us a few more days. But you didn't do anything for a year and a half, right? No, that's not correct. Okay. The year and a half was the time from the completion of briefing on the motion to dismiss until the judge's order granting the motion to dismiss. So that delay, I think, cannot, in any case, be attributed to us. You're right. That part won't count. So what happened after you got the first notice of dismissal before the clarification? You just appealed. Right. So the time to file an amended complaint passed. We had concluded, it's not part of the record since the dismissal was sua sponte, but concluded that it would be futile to amend and would have sought to find entry of a final judgment to pursue an appeal. Okay. It's futile to amend. So what do you want now? We'd like to proceed with the appeal on the merits. And I'd like to highlight a significant How do you want to do that? Under Urish, this Court held that after addressing discretionary factors under 41b, the Court was very clear. It said, and I'm quoting, A plaintiff's failure to file an amended complaint is not the disobedience of a court order dismissing a complaint with leave to amend where the original dismissal was erroneous. Thus, under Urish, this Court, as a reviewing Court, must consider the merits of the original dismissal in determining whether there was disobedience with a court order that would warrant Okay. Let me make sure we're understanding each other. Under Urish, there's a five-factor test. Yes. And I assume you're going to tell us why you think the district court didn't follow those five factors, whether or not there was an order. Well, let's just assume, argue, window, that he didn't. And you're saying we should consider the merits of the case. So basically, it's your position that this Court, without sending it back to the district court, can, in effect, issue a 12b-6 order ruling on the merits of the case based upon the facts that are in the record. Is that what you're saying? I think this Court can review the underlying July 6th order dismissing pursuant to Rule 12b-6, yes, as part of its review of the 41b. Okay. So you think there's enough in the record that we can look at it, basically, these are, if you will, stipulated facts, or there are facts that we have to look at on their face, and we can make a 12b-6 determination without sending it back to the district court? Yes. I believe that is the case. I see I'm cutting into my rebuttal time. I'd like to re-observe the balance. Let's save some time. Okay. Thank you very much. Good morning. Good morning. If it please the Court, Duffy Carlin for appellees, defendants below. Applied inaction shouldn't be rewarded by converting a 12b-6 order with leave to amend into a judgment by a matter of right. The language applied used in their notice of appeal made clear that they understood that the order they were appealing from was not a dismissal of the 12b-6 order, and that a 12b-6 order with leave to amend is interlocutory. Yet they filed an opening brief that went straight to the merits, forcing my client to address issues that aren't properly before the court, and to raise in anticipation the only two issues that are properly before the court, and that is whether the district court committed abuse of discretion in dismissing the case, and whether or not applied forfeited the right to claim otherwise by remaining silent in their opening brief. On the waiver issue, this isn't a case where applied raised some of the issues that were raised below and not all. This is a case where they knew that August 10th order, dismissing for failure to amend pursuant to the underlying order, was the elephant in the room, and they chose to ignore it entirely. Let's just say you're right. What do you want us to do with this case? Let me ask one other question. Do you agree that the district court, in its recent response, made clear that it dismissed it based on a 41b suespante motion? Do you agree with that? Correct. Okay. And you agree that there's a five-factor test that the court has to follow in order to properly do that, right? Correct. You think he did that? Absolutely, Your Honor. The standard that this court, to overturn that determination, is that there are definite and firm conviction that the district court committed clear errors, and that's the standard. Let's assume, arguendo, just arguendo, that district court abuses discretion that did not follow the five-factor test. So if that's the case, then where are we? So if the court is going to set aside on abuse of discretion that, we still have a 12b-6 order with leave to amend with below where there was complete silence. But what do we do with it? In other words, if the district court was in error in dismissing this case based upon 41b, and we say, okay, you were in error, where does that leave us? Do we have to send this back to the district court where a 12b-6 motion could be made by you, presumably, or by the other side, perhaps, I don't know, and then the court rules? Or do we have enough before us that permits us to rule on this case? So I do think there's a jurisdictional issue. It hasn't been fleshed out in the briefs. We had to kind of anticipate what those arguments were going to be. But what remains, if the court were to set aside the dismissal order, is a 12b-6 with leave to amend and nothing else below, right? So that's non-appealable order. But I thought the court said this would have been futile. Is it not? Maybe I'm mistaken. So what the court said, that this would have been futile, is that there was a determination on the merits that the 12b-6 order was granted under the nominative fair use. Right. Now, as far as the district court was concerned, under the nominative fair use basis, the case was over. And he said later on it was 41b. But it would have been futile to amend the complaint from the district court's perspective. So the district court did not say it was futile to amend the complaint. It actually granted the plaintiff's request for leave to amend. Right. And then a long time passed, and then we got to the 41b, right? Correct. After the time passed was complete silence. And since 2004, a litigant would have known that they have to say something if they want to stand on a 12b-6 order with leave to amend. They didn't do that. So the court entered an order dismissing the case for failure to leave, for failure to amend, as required by the underlying order. The underlying order didn't require them to amend. It just said they had permission to do so. Well, the underlying order was at their request to amend. Basically, I think what I think Judge Smith is getting at is that, should we look at this record and, assuming that we find that dismissal under 41b is not appropriate, it's too punitive given the short time between the issuance of the order, the failure to amend, and then the final dismissal as a sanction, now what we're left with is the district court's analysis with regard to the original complaint filed and its view that leave to amend should be granted. Should we then treat this implicitly as the appellant standing on the original complaint and do the 12b-6 analysis to determine whether the district court correctly ruled that it was fair use? Yeah. So there's a tricky jurisdictional issue there that hasn't been fleshed out in the case law that I know. And we haven't really briefed that issue in the answering court. I do think, given the clear indication that they don't want to amend the complaint by marching into this court, that it may be futile to go back to the district court solely for the district court to say, okay, here's your final judgment. Go back up on a whole new briefing schedule. That would be futile. It would just be perhaps a waste of time. Right. But we still have a jurisdictional, where's the appealable order? If we were to say the 41b dismissal was incorrect, then the case ends here. It goes back to district court. They say they think it would be futile to amend. District court enters a new order that says, I hereby dismiss on basis of 12b-6. Then we go back. And then we come back. So I wouldn't call that futile. I call it like a lot of waste of time, but it might be necessary waste of time. So I guess the question to you is, is that necessary waste of time? Well, given that we've got all the analysis here, they've responded. You've briefed the correctness or incorrectness of the district court's ruling on the analysis, right? We have everything here. So if you were to go down and come back up, what would change in terms of the party's argument? Nothing other than you would have a final appealable order, which I'm not sure right now you do if you vacate the 41b. May I just address the failure to warn? Before you do that, I just want to finish this thought that my colleagues and I are asking. Sometimes in the court, people will file a motion denominated in a particular way. And we say, we're going to treat that like a whatever. In this case, where you have a 41b decision by the district court, would we have liberty to treat that as if it were a 12b-6 motion? Because that's what it appeared to be when you look at the record. And a final appealable order. Would we be able to do that lawfully? I still think there is a jurisdictional issue. And it's contrary to my client's best interest, because they would like this resolved expeditiously and presently. And we're quite confident on the fair, nominative fair use factor. But I do think there's a jurisdictional issue. And I just want to say that the failure to Perhaps I didn't say it clearly enough. If we treat the 41b motion as being improvidently granted, but we say, we're treating it as if it were a 12b-6 motion, because that's what the district court appeared to have done. And it was final. Would we then have jurisdiction? I don't think the court's 12b-6 order was final and contemplated allowing for amendment. It's clear that marching into this court, they didn't intend to amend, or never did intend to amend, and leaving it to this court. So That's why it seems efficient. It does seem efficient. Because they stood on the original complaint and met to appeal to us the correctness of the district court's analysis with regard to the underlying claims. It may be efficient in this case, but it would not be efficient in every case if just for lack of doing anything, every 12b-6 order with leave to amend automatically became a final and appealable case. It would create piecemeal litigation. It would not near to the benefit, the overarching policy of expeditious resolution of cases on their merits, a factor that is part of the five-factor. And the warning, the obligation to warn is one factor, right? The court may have said, before I enter this dismissal, I'll give you a warning. But it's been since 2004 that if you sit silent, the court has a right to enter a dismissal. The Harris case involved four motions on 12b-6 with leave to amend. Each one was a 41b dismissal for sheer lack of doing nothing. And that's a prisoner pro per case. There's no reason to come to a different conclusion. It has been clear since the Edwards-Marin-Parks case that you can't sit silent. And I think we get your point on that, counsel. We know that it was set for a long time and then bringing it up needs to be punished for that. But the reality is, in the court's October 10, 2017 order, the court's order was dismissed, case closed. And of course, there had previously been discussion about the nominative fair use, et cetera, et cetera. Dismissed, case closed. That's pretty vital, isn't it? Right. And then the judgment that followed was on this dismissal order for failure to amend. It was not on the 12b-6 order. Okay. I think we have your argument. Any other questions by my colleagues? All right. Thank you very much, counsel, for your argument. So I just want to touch on this jurisdictional question that counsel has raised. There is, in fact, jurisdiction for this court to reach the Rule 12b-6 dismissal. It's a longstanding principle of appellate jurisdiction that interlocutory orders become reviewable on appeal from the final judgment, particularly in a case like this where it is an interlocutory order where the final judgment is reviewable. Which led to the final judgment. Do you say that what I just read from the August 10th order was a final judgment? I believe so, yes. If we treat this as a final judgment on the court's analysis and determine that the district court correctly dismissed the case, what do we do then? Do we then send it back for leave to amend? Is opposing counsel correct that your intent was to stand on the original complaint and not amend at all? I believe our intent was to stand on the original complaint. So if this Court believes that the dismissal was correct on the substantive analysis, the substance of fair use was correct, then I think this Court would simply affirm the judgment for, obviously, for the reasons asserted in our briefs. We would hope you would reach the contrary conclusion, but you would have jurisdiction to reach that conclusion to decide one way or another whether the 12b-6. You're not asking for leave to amend at that point? We're not seeking leave to amend. We thank you both. As you can tell, this is a procedurally something of a morass. We appreciate your argument. It's very helpful. Thank you. Thank you, Your Honor.
judges: M. Smith, Nguyen, Restani